Good to see you. Everybody settle down, I think, so you can proceed. What's that? You can proceed. Oh, thank you, ma'am. I appreciate it. May it please the Court, I'm Ken McNeil, and I'm counsel for Ramona Two Shields and Mary Lou Defender Wilson, who are with us in the audience today, along with some others. The district court's ruling dismissing this case on procedural grounds that the government is an indispensable party is truly a serious area of law that requires you to reverse and remand. This is a joint tort-feasor case. Look up the definition of joint tort-feasor. It means people concurrently committing a wrongdoing. The U.S. Supreme Court in Temple v. Sentis held that it is utterly unnecessary to name all these joint tort-feasors in a single lawsuit. And the advisory— How many are we talking about? What's that? How many are we talking about? The ones we have, all we've named are the named defendants, and the only other person they're suggesting we bring in is the U.S. government, which, as you know, Your Honor, we can't, because we can't sue these nongovernment defendants in federal court, in court of federal claims. We're barred from doing so, and we can't bring the district court here for a damage case. What's the status of the case in the federal claims court? The status of the case is as follows. The court is currently determining how to rule on an affirmative defense of the federal government, which is that the Cobell settlement released these claims. We're arguing that did not happen. And not only that, but the Cobell settlement makes clear that these people, even if it were settled, could go after third parties. At least we thought so until we're here today. So the court of claims, at least in the past when I followed it more closely, takes a long time to decide. It takes a while. It takes a while, yes, ma'am. But we figure once that decision's over, there's really no other serious obstacle that we see. Now, to get back to the point in Temple, if I could, it's totally unnecessary, and the advisory committee notes to Rule 19 also say explicitly that Rule 19 does not apply to a joint tortfeasor case. Now, that's established law, and it's directly on point. It governs this case, and the district court never addressed it. Were there joint tortfeasors in Nichols and Manypenny? There were not. And what I was going to tell the court, that literally every one of the cases they used to support their position are not joint tortfeasor cases. In fact, the logical problem is that the court here, number one, never mentions joint tortfeasor, much less the Temple case. It's just empty. It just starts with a Rule 19 analysis. I assume you argued that to the . . . What's that? Did you argue it to the district court? Yes, sir. We did. I think he may have thought you folks need to do some work here on this. That's all I can guess. You think what? I said, I think he thought you folks may need to do some work on this issue. That may be wrong, but that's my guess. Number two is that the Nichols case . . . In fact, in the Nichols case, the district court held that the parties were innocent parties. They came in years after. There's a second key distinction, by the way, to Nichols I'm going to get to in a minute. And that is that Nichols had an affirmative obligation that they were going to put on the U.S. court, the U.S. government, to take back some stuff. Okay? So, what the key distinction . . . I'm jumping ahead of myself a little. But the key distinction here is that a joint tortfeasor case, you choose who you want to sue. But in turn, you can't obligate the person you didn't sue. That's your choice, but you don't get to obligate them. Indispensable party cases are where you literally are trying to get a remedy to obligate them. And what, in fact, the cases . . . I could just go down them . . . that they list in their so-called Rule 19 analysis to say the government is somehow unique here . . . are really not unique cases, but they're plain, straight-up cases where a remedy was going to obligate the government to either do something or pay something. Spirit-like. Let me ask you. Is there a specific case that says joint tortfeasors are exempt from a Rule 19 analysis? Yes. And I know there's the cases that you can sue a joint tortfeasor separately. I know there are plenty of cases that say that. But are there any that take it on in the context of a Rule 19 analysis and say, you know, when you have joint tortfeasors, you need not look at Rule 19? Yes. And that is the United States, in my opinion, the United States Supreme Court case in Temple, which I would urge this Court to read very, very carefully. Let me just read you some of the language in Temple. Temple says, and I quote, It is error . . . error . . . to label joint tortfeasors as indispensable parties. End quote. That's strong language. You go . . . they then refer to the advisory committee notes of Rule 19 right here in our Federal Rules of Civil Procedure notebook. And that book . . . and it says . . . let me just read the quote out of Rule 19 advisory notes for talking about 19A. A tortfeasor with the usual . . . the usual joint and several liability is merely a permissive party to an action against another with like liability. A permissive party. And the very next sentence says, Joinder of these tortfeasors . . . those joint tortfeasors . . . continues to be regulated by Rule 20. Rule 20 is permissive joinder. So, not only is there a case, but the advisory comments say it. The U.S. Supreme Court in Temple, in just a four-page opinion, makes it very clear. And the fight in Temple was exactly what it is here. The district court said, well, there's a . . . they had an interest. You know, the absent party had an interest. They were indispensable. The court said, no, that's illegally wrong. And the Eighth Circuit has been following religiously that Temple rule in at least three recent holdings. Bailey in 2009, Northport in 2010, and Lusgraff in 2010. Now, we're citing joint tortfeasor cases. All right? The real question that, again, is not addressed in this short opinion at the district court, the real question is, well, is there some unique U.S. government exception to that rule? Because what the district court did was simply say, assume that because the objective conduct of the U.S. government had to be dealt with as part of the aiding and abetting case, that he leapfrogged to this conclusion that, therefore, they must be in it. And that misses three steps. First and primary is the Temple analysis says you can't do it. With this case dismissed, is there relief that you would have been able to achieve through this case that you can't through the other case? There is. In a joint tortfeasor case, when someone aids and abets a fiduciary duty, you have the remedy of disgorgement of profits that were improperly obtained to the extent the jury and the judge determine that's correct. In the U.S. government case, you only have just a fair market value analysis to deal with. So there is a difference in remedy. And third, in this unique case, the government is now coming in and saying, despite some very vague language in the release language, these people are out here anyway. So they're really in a box. Okay? Really in a box. And, in fact, the district court on page 16, it says, this is truly, this dismissal is an unsatisfactory solution. And he knew it. And he said it. Well, that happens. It does happen. But then the point that I'm... It does, but it shouldn't happen when you do the rigorous analysis, when the court said that, first of all, a joint tortfeasor case does not fall under Rule 19. But let me just go ahead. There is... Yeah, go ahead. Your basis for distinguishing Nichols are what? That Nichols doesn't involve joint tortfeasors? That's right. And that, in Nichols, there was an equitable remedy in addition to damages? In Nichols, there was... Are those the two reasons, or do you have others? Yeah. That case was trying to require the government, I'm reading from the case, to take title to land, take it back from these third parties, and manage it or give it to the LITs. There was an affirmative, you know, you're on the hook to do something. I call all these interests that become indispensable parties. It's kind of a force-your-hand interest. Right. And your argument here is you're only seeking money, right? That's right. Exactly. But the other one, what makes you so sure that Nichols doesn't involve joint tortfeasors? Because you can read Nichols, and it says that they were innocent. The district court held they were innocent, innocent third parties. They came in later. They came in a long time later. The reason the federal government wasn't involved is there's a statute of limitations around. So they went after these innocent third parties who had gotten this property, and they tried to sue them, and they said, one, that won't work, but because you're asking the federal government to do something, they've got to be here. If you look at Peabody, another case they cite, same thing. A government agency sued a private party to invalidate a lease provision that was required by another government agency, and the court said, look, you're going to invalidate something that another government agency said do. Our case is the opposite of invalidation. In two shills, we're not asking for any money from the government. We're not asking. There's no res judicata. In addition to everything else, there's no changing of any regulation. There's no voiding of any lease, period. And, in fact, what's happened here is the district court just concluded there was a government interest but didn't look at the spectrum. What I'm citing is on one end of the spectrum, we have this wrongful damages claim against a non-government party. On the other is the government's forced to do something. Now, the plaintiffs, in sort of a tort fees or plus type approach, trying to say, well, something in the middle might work. And what might work in the middle is an absent party's conduct is enough to create an interest. There are a court Pujo case in the Third Circuit, Edmondson in the Eighth, Salton in the Seventh, and the Brown in the Court of Federal Claims say mere conduct is not enough to force a party to become an indispensable party. Inconsistent ruling is there not enough. The Delgado case in the First Circuit. There must be a lot of other people in the same situation as the plaintiffs here. There are other people, but this is particularly the group from which the same basic lease structure was used to buy their leases. And we've described in great detail in our 35 pages of facts in our complaint how that worked. Let me just quickly say in my remaining time that stare decisis, Your Honors, is not enough, according to the Janney case in the Third Circuit. Discovery difficulties aren't enough to drag a party in. And the only other case, Laker Airways, really doesn't even deal with the government. It's an Eleventh Circuit case, and it was after Temple, but it doesn't even address the Temple analysis. It cites only pre-Temple cases. And basically, if the rule there is that any active tortfeasor has to be joined just because they have a big role, then it swallows the whole Temple rule. It swallows the whole joint tortfeasor analysis, which is you can say who you want to, but you don't get anything from anyone else. There's a laundry list of ways to protect the government here, and that's the third thing the district court didn't do, even under 19b. It's an abusive discretion standard if you don't analyze each factor carefully. And the big one, the most important one, to try to bend over backwards to not dismiss, which is really the government policy here, is that they can coordinate. The Court of Federal Claims has, as recently as 2009, come to Rapid City and tried a case. They can try these cases together. Discovery can be coordinated. The government can file amicus briefs any time it wants to, and the government can intervene any time under Rule 24. Yeah, but if they intervene, don't they give up their immunity? Well, under the Eighth Circuit case in Alamo Foundation, if you come in for a limited purpose, in this case to try to explain what you want us to explain about the rules and regulations, the Eighth Circuit made clear that you do not waive your sovereign immunity, and I would urge you to look at that Alamo case. The district court was just wrong when it said that, I think under Alamo, when it said that it would. Now, what I would suggest here is the crux of the matter is that you're really seeing a lot of crocodile tears here. You've got the government who really doesn't want to be in this case. Neither does the defendant wanting to be in the case. They just want to be out. And the sad part about it is, with a cloak of the U.S. Government of Protection, the very trustee for these people, they want to take that cloak around them and use it to deprive these folks of their day in court. Now, that's not protecting the government's interest. It's a temple that says you can't do it, and the cases they cite are all non-tort pleaser cases that essentially say the opposite. The horrible deterrence effect here, I mean, you've got to have good deterrence in these situations. I've represented an energy company for 20 years, one of the biggest in the U.S. And candidly- Do you want to finish your sentence? I'm going to. Good companies need to have a clean, transparent market, or else they don't want to get involved in these early stages of these massive developments. Thank you. Mr. Beckwith? May it please the Court. My name is Van Beckwith, and for purposes of this appeal, I represent all of the appellees today. The district court reached the right conclusion. It was a careful conclusion, it was an analytical conclusion, and it was done under its abuse of discretion standard. The district court properly concluded that the United States is a required party under Rule 19A. Why didn't the district court deal with this joint tort pleaser argument, and what's the answer to that? I mean, it seems like this does seem to run headlong into that temple rule. Your Honor, many of the cases that are cited on appeal were not cited before the district court. They were cited after the amicus filed its amicus brief, the United States, and asserted its interest here. So was this joint tort pleaser argument and the citing of temple not raised before the district court? I do not recall that from the transcript, Your Honor. I can check the transcript and see. I apologize for not knowing that off the top of my head. Here's what I do know. There was a citation just a moment ago to you that the Laker Airways Court, the 11th Circuit Court, which held that joint tort pleasers are not immune from the application of Rule 19, that that court didn't discuss temple, and in fact it did. It cited to temple. Laker Airways knew what the temple per curiam, by the way, opinion of the U.S. Supreme Court discussed in that case. Now, we have to remember, too, temple. Temple is a medical malpractice case. It's a case brought against a screw company, a back screw company, spinal screw company that wanted to join a doctor. The doctor didn't have any independent interest like the United States has here. The doctor wasn't something dependent on the doctor proving to win against the screw company. So it's hardly surprising that in that case a joint tort pleaser doesn't have to be joined. Here, the persuasive authority, in fact, the binding authority is Nichols v. Rice-Avey, this court's 8th Circuit decision, which holds that when the United States' duties, when the United States' interests are implicated, that the United States has to be joined. Now, Nichols is very important. In Nichols, you have a situation where the United States is being accused of illegal conduct. The United States squarely is being told that United States, you messed up when you transferred these elati lands. And later on, some heirs sued to try to reclaim the lands. This court, applying the four factors set forth in the Providence tradesman case from the United States Supreme Court, concluded that the United States was a necessary party, that it was required, that it was indispensable. Hardly surprising. The EEOC v. Peabody-Cole case reaches the same conclusion. The case Paiute-Choshone versus the City of Los Angeles out of the 9th Circuit reaches the same conclusion. Nichols doesn't discuss this joint tort pleaser sort of exception. They read from the committee notes that suggest that in a joint tort pleaser situation, it's always permissive. What are we to do with that? So, respectfully, Your Honor, the notes don't say that it's always permissive. Instead, what they say is the usual situation is that in a joint tort pleaser situation, that there's not an automatic bar. In a joint tort pleaser situation, it would say that all joint tort pleasers have to be brought into the same lawsuit. That's hardly surprising. But nothing in those committee notes and nothing in Temple say that in that situation, that Rule 19 somehow is rewritten out of the rule book. Rule 19 applies. To answer your question that was asked to the appellants, Rule 19 applies even to joint tort pleasers. Laker Airways is a great example. In Laker Airways, the 11th Circuit concluded that a joint tort pleaser had to be joined under Rule 19A and under Rule 19B. Again, citing a Temple, recognizing Temple. Temple simply states the basic proposition. Temple does not bar Rule 19. You ask the question of whether there's a case that says that because you have a joint tort pleaser, and by the way, here, the United States squarely is a joint tort pleaser, that all of a sudden there's a bar to Rule 19. There's no such case. Rule 19 still applies. The analysis still occurs. And in that situation, the judge, in a three-and-a-half-hour oral argument, after reading hundreds of pages, after considering thousands of pages of appendices, correctly applied the Rule 19A and Rule 19B factors. The judge, in particular, looked very carefully at the affidavit that the BIA had presented. That affidavit is admissible before your honors. It was admissible before the court. That affidavit explained precisely what the BIA does in these situations, which is regulate and provide for Indian country oil and gas leasing. Now, we have to remember, and it is very important to remember what happened here. These were auctions. They were auctions of elati lands, mineral rights that were published in an auction pamphlet where anyone could come and bid. Then, using a BIA-approved form, a lease was signed by at least elati two shields. Then and only then, after this auction had resulted in a higher royalty than the statute even requires, after this auction had resulted in a fully disclosed bonus, was the BIA asked to sign its form. So, the very challenge here, recall what the judge described as the crux of this case. Judge Hovland described the crux of this case as whether the United States has a fiduciary duty. That sounds very much like the Peabody-Cole case. That sounds very much like the Paiute-Shoshone case. That sounds very much like this court's Nichols v. Reissig case. And whether there was a breach of that duty, that those two questions were the crux of the case. That's the interest that the United States has here. That's the interest under both 19A and under 19B that the United States is entitled to show up and protect. And they did. The United States filed an amicus brief. The United States appeared at that three-and-a-half-hour oral argument where the district court carefully considered all parties' contentions in this case. Now, five years later... Okay, what exactly? I mean, they distinguish Nichols by saying Nichols had this equitable remedy. They had to take the trust back. They just want money. And so what exactly is the interest of the United States? I don't think money itself is sufficient. Thank you, Your Honor. The United States has a number of interests. First, creating in absentia a new duty never before recognized. That is a recognized interest of the United States. Second, trying the United States' wrongdoing behind the United States back. That's Nichols v. Riceavy. That's the quote that Your Honor has provided in that case. That is an interest. This case is about the United States. It is about the United States entitled to have its lawyers defend it. Third, requiring the United States to modify its approval process. Recall, Congress establishes the Secretary of Interior's position. The Secretary of Interior position is establishing then the Bureau of Indian Affairs. Congress and the Bureau of Indian Affairs establish comprehensive statutes and regulations that cover oil and gas leasing in mineral land in Indian Country. That comprehensive regulatory scheme is the type that the United States has an interest in protecting. Further, and related... I may be wrong about this, but the allegation is that the government people were taking bribes in order to approve these. Would that require redoing the whole process? If that were found to be true. First of all, the complaint is quite bare in any direct allegation that the United States received a bribe from some defendant. In fact, I looked and I couldn't find a specific allegation that one defendant took money and went to the BIA and bribed the BIA to approve a lease. In fact, what's important here, there's no allegation that there's any breach of these leases. That isn't a breach. I'm not making that up, isn't it? That argument. There is talk of a sham. There is talk of... It's quite amorphous, frankly. They don't say that, for example, defendant number one, you went from your casino in this tribe's lands and bribed the BIA to rubber stamp these leases. They try to argue that. They'll argue that on argument. But there's not a pleading or proof of that. And that's where the judge's abuse of discretion really comes in handy because he spent three and a half hours listening to these arguments. There's no allegation that we lied to them. There's no fraud claim here. There's no breach of contract claim here. They haven't given the money back under the leases. They haven't sought to avoid the leases. They haven't given the bonus payments back. They haven't given the royalty checks back. Quite to the contrary, they've cashed the bonus checks. They've cashed the royalty checks for all of the proven and established wells. And where there's not a well, they're cashing the rent checks. So there's no allegation here that there was some direct wrongdoing. And further, if there was an allegation, the closest you get in the complaint, Judge Grunder, is you get an allegation that there was petitioning or lobbying of the government, that perhaps some of it was untoward. Well, that's nor Pennington-protected lobbying of the government that any citizen is entitled to protect and entitled to do. Here further, Nichols says there's a very direct challenge to the United States conduct. And Nichols, just like there's a very direct challenge here. Let me finish the interest. Yes, there's even more interest. Do you have joint tort feasors in Nichols or not? I thought you are. Our position is absolutely that the United States is a joint tort feasor. The United States in Nichols is accused of improperly issuing fee patents in the 1920s, transferring lands to the Alatis, and that the United States broke its rules and regulations in issuing those fee patents. And this court correctly held the government's liability was being tried behind its back in the Nichols case, just like the government's liability would try to be tried behind its back here. You asked about the interest of the government. Creating negative precedent is an interest of the government. There is a legion of cases that hold that when you challenge an agency's conduct, we cite the Bowles case where HUD's conduct was challenged. Where you challenge an agency's conduct, that agency's conduct is a direct interest under Rule 19A and Rule 19B. Your Honors, know the case, the Philippines case that we cite, where the court recognizes that when you get into a 19B analysis, really with a sovereign who has not waived its immunity, and here the United States has not waived its immunity, and it need not. And when you have a sovereign, the 19B analysis largely collapses on itself because the sovereign has an interest that it is entitled to protect, and so it is with the United States here. It is, in fact, ironic that these appellants would suggest, I heard, intervention. Well, why doesn't the United States just intervene and in the same breath say that the United States doesn't have a protectable interest? If you're going to intervene in a case, you have to have a protectable interest, and they do. Counsel, can you provide any additional information on the status of the Court of Claims case? Judge Smith, as I understand, the Court of Federal Claims, the briefing is active. They are challenging the Cobell Settlement. The United States is saying that the Cobell Settlement bars recovery in the Court of Federal Claims case, and that's the status. So the judge is considering that right now. As I understand it, it's been pretty dormant for some time now in terms of actual . . . Is it ripe for decision? In other words, is there any additional work to be done before there's a decision reached? Judge Smith, as I understand it, that is ripe for decision, and the judge is considering his decision right now on that claim. And that's what I understand. We looked at the docket again yesterday to make sure we were seeing anything. I don't see any . . . You never expect the Court of Claims to issue quickly, do you? Your Honor, I don't control the Court of Claims. I think we'd all stipulate to that. And whether the court acts fast or slow, I couldn't tell you. That's not really the test. Under Rule 19B, the test is whether they have a proper form, and they do. It's interesting that all of the claims that they bring here, they brought in the Court of Federal Claims 15 months before this claim. And interestingly, when they asked the BIA to approve their form leases, and when they asked the BIA to sign the leases after they had signed the leases, they didn't exhaust their administrative remedies. They didn't appeal the BIA's decision. They didn't say, hey, BIA, wait a minute. You approved too low of a royalty. You approved too low of a bonus. They didn't do that. Had they done that, then they could have brought an Administrative Procedures Act case against the United States and against these defendants in one court. This is a problem of their own making. And so the proper test is whether they have a proper form. They do have a proper form. The other 19B analysis that you should consider is, frankly, the defendants' interests of having to defend a sovereign without the sovereign. We are not responsible, and this goes great to the Joint FISA point, we are not responsible for standing before a court and having to defend whether the sovereign has a duty and whether that duty was breached as a dependent claim against us. Where all of our claims, aiding and abetting, breach of fiduciary duty, tortious inducement of breach of fiduciary duty, even if those are proper claims under North Dakota law, and there is a serious question about that, we have a serious interest in defending that claim, we the appellees. But most importantly is the interest of the United States government and the interest the United States has to protect its interests and its rights. In that sense, Temple is completely off point. Temple does not announce some broad rule in the short procurium opinion that bars all joint tort fees from ever invoking Rule 19. Laker Airways is squarely on point. Peyote Shoshone is directly on point. EEOC versus Peabody is directly on point. Your Honors, the right result here is the result that the district court reached. The district court did not abuse its discretion in hearing from all of the parties and considering the amicus, in listening to the arguments of counsel, of listening to anything and everything that these appellants wanted to bring forward in that three and a half hour argument, in considering the thousand pages of appendices. Abusive discretion is the right standard. The court did not abuse its discretion and all of the appellees would ask that you affirm. Thank you. Thank you, both sides. We'll certainly study it further and we'll take a recess before the next argument.